UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  DECISION AND ORDER
  12-CR–311

KENNETH GRAHAM

               Defendant.

## Background

The defendant, Kenneth Graham, is charged with three violations of federal sex trafficking laws, specifically the sexual exploitation of minor girls and women in commercial sex acts. Count 1 of the superseding indictment charges defendant with sex trafficking of Victim 1 by force, fraud, or coercion in violation of Sections 1591(a) and 1591(b)(1) of Title 18 of the United States Code. Count 2 of the superseding indictment charges defendant with sex trafficking of Victim 2, a minor, by force, fraud or coercion in violation of Sections 1591(a), 1591(b)(1) and 1591(b)(2) of Title 18 of the United States Code. Count 3 of the superseding indictment charges defendant with sex trafficking of Victim 3, a minor, in violation of Sections 1591(a) and 1591(b)(2) of Title 18 of the United States Code.

Victim 1 was an adult at the time of the alleged offense. Victim 2 was a minor at the time of the alleged offense but has recently turned 18. Victim 3 was a minor at the time of the alleged offense and is still a minor today.

The Government has made a motion in limine seeking a protective order preventing the use of any of the victims' full names during the trial and keeping confidential the identities of the minor victims. The Government has also moved to close the courtroom during the testimony of all three of the Victims and to allow an adult attendant to remain in the courtroom with Victim 2 and Victim 3 throughout the trial. Defendant opposes the Government's motion in its entirety.

## Discussion

### *Confidentiality*

The Child Victims' and Child Witnesses' Rights Act permits a district court to conceal the identity of a child victim or child witness. Section 3509(d)(3)(A) of Title 18 provides:

> On motion by any person the Court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to a child.

*See* 18 U.S.C. §3509(d)(3)(A). Section 3509 defines a child as a person under the age of 18 who is or is alleged to be a victim of a crime of physical or sexual abuse or a witness to a crime committed against another person. *See* 18 U.S.C. §3509(a)(2). Section 3509(d)(3)(a) clearly applies to Victim 3, who was a minor at the time of alleged offense and is currently 17 years old.

Not only does the Child Victims' and Child Witnesses' Rights Act give a district court the ability to enter a protective order concealing the identity of a

minor victim, but courts in this circuit have also granted orders protecting the identity of adult victims of sex trafficking or sexual abuse, due to the sensitive nature of the testimony. In *United States v. Paris*, the District Court of Connecticut allowed multiple adult victim-witnesses to testify about working as prostitutes for the defendant without providing their full last names or their home addresses. 2007 US Dist. LEXIS 39276 (Conn. 2007). The court concluded that the interests of the government in protecting these witnesses from the "likely adverse personal, professional and psychological consequences of publically linking their identities to their past lives as sex workers is legitimate and substantial." *Id*. ("protecting these witnesses' identities outweighs the public's interest in access to information, and the Government's proposal is narrowly tailored to serve its request"); *see also United States v. Kelly*, 2008 US Dist. LEXIS 98988 (EDNY 2008) (granting protective order with respect to victim-witnesses' names in sex trafficking case due to the potentially explicit nature of the expected testimony).

The Court also must consider the Crime Victim's Rights Act, which provides that all crime victims, regardless of age, have the right to be "reasonably protected from the accused" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." *See* 18 U.S.C. §3771(1) and (8).

During the instant trial, it is anticipated that Victim 1, Victim 2, and Victim 3 will testify that the defendant caused them to participate in commercial sex acts

3

for his benefit and through the use of force, fraud or coercion.  The Government has submitted mental health evaluations of Victim 1 and Victim 2, under seal, which detail their current mental states and raise concerns regarding the potential adverse psychological effects of their testimony in the instant case.  Furthermore, the Government's papers indicate that after the defendant was indicted in this matter, Victim 1 was attacked and beaten by five persons and, in the course of the assault, the perpetrators repeatedly referred to rumors of her cooperation with the Government.[1]

    Based upon the sensitive and explicit nature of the testimony, the statutory authority and case law discussed above, the concerns raised in the mental health evaluations, and possible safety issues raised by the alleged attack on Victim 1, the Court grants the Government's request to protect the identities of all three Victims.  The Court orders that throughout the course of the trial and any ancillary proceedings, including during testimony and in any motions, pleadings or other papers filed with the Court, Victim 1, Victim 2 and Victim 3 are to be referred to using their initials or first names only.  The parties are also prohibited from releasing to anyone, including members of the press, the identities of any of the Victims.

    The Supreme Court has acknowledged that while public interest in access

---

[1] The Government also submits that Victim 1 was reluctant to identify any of the perpetrators of the attack and, therefore, no charges have been filed.

to full information about witnesses' identities is protected by the First Amendment, that interest is "less significant than the public interest in being present during criminal trials." *Globe Newspaper Co. v. Superior Court*, 457 US 596, 604 (1982). The Court finds here that the possibility of detrimental effects of disclosure of the witnesses' identities outweighs the First Amendment interests in favor of disclosure. The Court concludes that Section 3509(d)(3)(a) specifically allows for protection of the identity of Victim 3, who remains a minor. With respect to Victim 1, who is an adult, and Victim 2, who was a minor at the time of the alleged offense but is now an adult, the Court finds the Crime Victim's Right's Act, the case law previously discussed, the mental health evaluations and the alleged attack on Victim 1, all support the Court's decision to conceal the full identity of these adult victims as well. Finally, the Court concludes that this relief is narrowly tailored to the specific Government interest involved, since the courtroom will remain open during the course of the trial and a transcript of the trial will be publically available.

## Closure of the Courtroom and Adult Attendant

During oral argument on January 7, 2013, the Government advised the Court that it was withdrawing its request to close the courtroom during the Victims' testimony, subject to its right to renew the motion either upon completion of a mental health examination of Victim 3 or if other circumstances arose, during the course of the trial, which warranted the Court's consideration. If the

courtroom remains open, the Government's request to allow an adult attendant to remain in the closed courtroom with Victim 2 and Victim 3 is rendered moot.

Thus, the Government's motion to close the courtroom for all the Victims and its request for an adult attendant for Victim 2 and Victim 3 may be revisited by this Court prior to the testimony of each of the Victim witnesses.

## Conclusion

The Government's request for a protective order preventing use and disclosure of the full names of Victim 1, Victim 2, and Victim 3 during the trial is granted. The Government's request to close the courtroom during the Victims' testimony as well as its request for an adult attendant for Victim 2 and Victim 3 may be revisited by this Court prior to the testimony of each of the Victim witnesses.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: January 8, 2013