UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

 v.            DECISION AND ORDER
                 12-CR–311

KENNETH GRAHAM,

        Defendant.

---

## Introduction

The Defendant, Kenneth Graham, was charged in a superseding indictment with three violations of federal sex trafficking laws pursuant to 18 U.C.S. §1591, specifically the sexual exploitation of minor girls and women in commercial sex acts. Count 1 of the superseding indictment charged the Defendant with sex trafficking of Victim 1 by force, fraud or coercion from in or about July 2011 and continuing through in or about August 2012; Count 2 of the superseding indictment charged the Defendant with sex trafficking of Victim 2, a minor, by force, fraud or coercion from in or about September 2011 and continuing through in or about August 2012; Count 3 of the superseding indictment charged the Defendant with sex trafficking of Victim 3, a minor, from in or about December 2010 and continuing through on or about May 15, 2012.

Victim 1 was an adult at the time of the offense. Victim 2 was a minor at the time of the offense but has recently turned 18. Victim 3 was a minor at the time of the offense and is still underage. On January 17, 2013, following a seven day jury trial, Defendant Graham was convicted of all three counts set forth in the superseding indictment.

At the beginning of the trial, the Government made a motion in limine, pursuant to Federal Rule of Evidence 412, requesting that the Court: (1) prohibit the Defendant from eliciting or presenting any evidence concerning the Victims' sexual behavior, including acts of prostitution, prior to and subsequent to the time periods related to the charges in the superseding indictment; and (2) to permit the Government to introduce evidence of sexual behavior and acts of prostitution by the Victims, including evidence of sexual relations with the Defendant, during the time periods charged in the indictment.

Defendant filed a response wherein he agreed that the parties should be permitted to introduce evidence of sexual behavior and acts of prostitution by the Victims during the time periods charged in the indictment, but argued that he should also be able to present evidence or elicit testimony regarding the Victims' acts of prostitution prior or subsequent to the time periods charged in the superseding indictment.

During the trial, prior to the testimony of the first witness, this Court heard oral argument from counsel with respect to the Rule 412 dispute and issued a

decision from the bench granting the Government's motion.  Specifically, the Court ruled that Defendant would be prohibited from introducing or eliciting any evidence or testimony concerning the Victims' sexual behavior, including acts of prostitution, prior to or subsequent to the time periods charged in the superseding indictment.  The Court also ruled that the parties would be permitted to introduce evidence and elicit testimony of sexual behavior and prostitution by the Victims, including sexual relations with the Defendant, during the time periods charged in the superseding indictment.  However, this evidence or testimony would not serve to open the door to questioning of the Victims regarding sexual behavior or prostitution before or after the time period charged in the superseding indictment.

At that time, the Court also stated that it would file a written decision at a later date explaining, in detail, the reasons for its ruling.  Those reasons are now set forth below.

## **Discussion**

Federal Rule of Evidence 412 generally provides that the following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition. The Advisory Committee Notes to Rule 412 explains that the rule "aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure

3

of intimate sexual details and the infusion of sexual innuendo into the fact finding process."  See Advisory Committee Notes to Fed. R. Evid. 412.  By affording alleged victims these protections in most circumstances, "the rule also encourages victims of sexual misconduct to institute and participate in legal proceedings against alleged offenders."  *United States v. Ramone*, 218 F.3d 1229, 1235 (10th Cir. 2000) (*quoting* Fed. R. Evid. 412 advisory committee's notes)[1]

Despite its general prohibition of character or propensity evidence about the victim in sexual misconduct cases, Rule 412 makes exceptions for certain types of evidence in criminal matters.  Specifically, in a criminal case, the Court may admit the following: (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury or some other physical evidence; (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused, if offered to prove consent or if offered by the prosecutor; and (C) evidence whose exclusion would violate the defendant's constitutional rights.  *See* Fed. R. Evid. 412.

---

[1] It is clear that Rule 412 applies to sex trafficking cases.  *See e.g., United States v. Shamsud-Din*, 2011 U.S. Dist. LEXIS 124449 (ND Ill. 2011) (holding that Rule 412 applies in "any...criminal proceeding involving alleged sexual misconduct..." and that a sex trafficking case unquestionably is a criminal proceeding that involves "alleged sexual misconduct"); *United States v. Elbert*, 561 F.3d 771, 776 (8th Cir. 2009) (applying Rule 412 to a violation of Section 1591).

Here, Defendant Graham argues that exclusion of this evidence would violate his constitutional rights. Specifically, Defendant claims that prohibiting him from eliciting testimony regarding the Victims prior and subsequent acts of prostitution would violate his Fifth Amendment right to present a defense as well as his Sixth Amendment right to confront the witnesses against him. The Court disagrees.

In *United States v. Elbert*, a defendant charged with sex trafficking of minors made multiple pre-trial motions to admit evidence of the victims' previous and subsequent sexual behavior pursuant to Rule 412(c)(1)(A), all of which were denied by the district court. 561 F.3d 771 (8th Cir.) On appeal, defendant claimed that he was deprived of his Fifth Amendment due process right to present a "far more powerful defense" when he was not permitted to admit evidence of the child-victims' sexual behavior. In affirming the district court's ruling, the Eighth Circuit noted that since the victims were minors who could not legally consent and because the Government had only to prove that the defendant knowingly recruited, enticed, harbored, transported, provided or maintained them, evidence of whether the children engaged in acts of prostitution before or after their encounters with the defendant was irrelevant.

Also in *Elbert*, the Eighth Circuit rejected defendant's claim that his Sixth Amendment right to confront the witnesses against him was violated when he was prohibited from impeaching the victim-witnesses with their prior alleged acts

5

of prostitution. The court reasoned that evidence that the victims engaged in prior acts of prostitution did not contradict evidence that the victims engaged in the acts connected to the defendant, and that "unchastity of a victim has no relevance whatsoever to [the victim's] credibility as a witness." *Id*.; *quoting United States v. Kasto*, 584 F.2d 268, 271-72 n. 3 (8th Cir. 1978). The court also noted that even if the evidence had impeachment relevance, its probative value "is substantially outweighed by the danger of unfair prejudice" pursuant to Rule 403. *Id*.; *see also United States v. Shamsud-Din*, 2011 U.S. Dist. LEXIS 124449 (N. Dist. Ill 2011) ("[e]ven if the evidence regarding the Victims' 'alleged sexual misconduct' had some relevance or provided some basis for impeachment, the Court would nonetheless exclude it under Rule 403 given its marginal relevance...[a]ny such probative value the evidence could have is substantially outweighed by unfair prejudice, namely, the substantial risk that the jury will question the Victims' sexual morals and view them as immoral and untruthful because of their prior prostitution activities").

Similarly, in *United States v. Shamsud-Din*, the Northern District of Illinois found that prohibiting a defendant charged with sex trafficking from introducing evidence that one adult victim and one minor victim engaged in prior acts of prostitution did not violate either his Fifth Amendment right to a fair trial or his Sixth Amendment right to confront witnesses. 2011 U.S. Dist. LEXIS 124449, *7-8. The court noted that while the defendant was free to explore whether the

6

victims engaged in the prostitution activities at issue in this case on their own rather than with his assistance, he could not inquire into other prostitution activities. The court found that "evidence of prior and post prostitution activities is the equivalent of propensity evidence and irrelevant to the charges." *Id*. The court also noted that since one of the victims was a minor who could not consent to engage in prostitution, the defendant could not use her other prostitution activities to suggest that she agreed in this case.

Other courts have similarly excluded evidence of a victim's prior or subsequent acts of prostitution, or sexual behavior, in sex trafficking cases. *See also United States v. Valenzuela*, 2012 U.S. App. LEXIS 22609 (9th Cir. 2012) (finding that the district court did not err in excluding evidence and prohibiting cross examination about the victims' possible prior acts of prostitution since questions about prior acts of prostitution were not relevant to defendants' knowledge of use of force, fraud or coercion, or the victims' consent to work in prostitution since, even if the victims consented initially, defendant "violated [section] 1591 by continuing to harbor and maintain them once they realized that force, threats of force, fraud or coercion would be used"); *United States v. Cephus*, 684 F.3d 703 (7th Cir. 2012) (evidence that one of the victims in a sex trafficking case had previously worked as a prostitute was inadmissible, despite defendant's argument that the evidence was relevant as to whether she was coerced, since "the fact that she'd been a prostitute before does not suggest that

the defendant did not beat or threaten her" on other occasions).

Here, Defendant Graham argues that there is evidence that Victim 1 (an adult) and Victim 3 (a minor) engaged in prior and subsequent acts of prostitution and that these acts involved use of hotel rooms and advertisements on backpage.com, the very same *modus operandi* alleged against him. Defendant claims that failure to allow him to explore these factual issues prevents him from asserting his defense that he did not recruit, entice, harbor, transport, provide, obtain or maintain these victims as required by Section 1951.

This evidence falls clearly within the type of propensity or character evidence barred by Rule 412. Moreover, the Court finds that its prohibition does not violate Defendant's Fifth Amendment right to present a defense. With respect to Victim 1, an adult, the evidence at issue bears little relevance to the elements of the instant charge since the fact that Victim 1 may have engaged in prostitution on her own before or after her dealings with the Defendant does not tend to prove that the Defendant did not recruit, harbor, transport, provide, obtain or maintain Victim 1 as alleged in the indictment, or that he did not use force, threats of force, fraud or coercion to cause her to engage in a commercial sex act for his benefit. While Defendant Graham may question Victim 1 as to whether she engaged in the activities alleged in the indictment of her own volition and without his assistance, and may question her about her use of backpage.com and hotel rooms with respect to those instances, he may not question her about other acts
8

of prostitution which are not related to this case.

Furthermore, Victim 3 is a minor and cannot consent to engage in prostitution. Therefore, Defendant is prohibited from introducing evidence or eliciting testimony about prior or subsequent acts of prostitution to suggest that she agreed or consented to the acts of prostitution alleged in the case at bar. *See Elbert*, 561 F.3d 771 at 777. ("Whether the children engaged in acts of prostitution before or after their encounters with [defendant] is irrelevant, and would only prove other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act.")

In addition, prohibiting this evidence does not violate Defendant's Sixth amendment right to confront Victim 1 or Victim 3. Evidence that these Victims may have engaged in other acts of prostitution does not contradict their testimony that the Defendant transported, maintained or recruited them on the occasions charged in the superseding indictment, and questions about a witness's sexual morals is not a proper basis for impeachment. Finally, any probative or impeachment value that this evidence may have is clearly overshadowed by its risk of substantial prejudice pursuant to Federal Rule of Evidence 403. There is significant risk that jurors would discredit the testimony of Victim 1 and Victim 3 solely because of their prior sexual history, or because they may have engaged in other acts of prostitution.

It is for the reasons set forth herein that the Court granted the

Government's motion in limine with respect to the Rule 412 evidence.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED:January 28, 2013